[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 19-14574
Non-Argument Calendar
————————————————

D.C. Docket No. 8:98-cr-00278-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREG BONAPARTE,
a.k.a. Bone,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(January 5, 2021)

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Gregory Bonaparte appeals the district court's order denying his motion for

relief pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132

Stat. 5194. Bonaparte has filed a motion for summary reversal, which the government does not oppose. After careful review, we grant Bonaparte's motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Although district courts lack the inherent authority to modify a term of imprisonment, a district court may modify a term of imprisonment when a statute expressly permits the court to do so. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits a district court to reduce a previously imposed term of imprisonment in certain circumstances. *See* First Step Act § 404(b). We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review for an abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *Id.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences for offenses involving crack cocaine and those involving powder cocaine.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *Dorsey v. United States*, 567 U.S. 260, 267–69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act).  The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2; *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2011).  Until recently, the Fair Sentencing Act's reduced penalties applied only to those defendants who were sentenced on or after August 3, 2010, the Fair Sentencing Act's effective date.  *See Dorsey*, 567 U.S. at 264.

In 2018, Congress passed the First Step Act, permitting "district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective."  *Jones*, 962 F.3d at 1293; *see* First Step Act § 404.  Section 404 of the First Step Act authorizes a district court "that imposed a sentence for a covered offense" to reduce a defendant's sentence.  First Step Act § 404(b).  A "covered offense" refers to a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  *Id.*

3

§ 404(a). The First Step Act authorizes a district court to "impose a reduced sentence as if" the Fair Sentencing Act had been "in effect at the time the covered offense was committed." *Id.* § 404(b). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for reduction of sentence under § 404 had been denied in the district courts. *See Jones*, 962 F.3d at 1293. We addressed when a movant was eligible for a sentence reduction under the First Step Act. We began by explaining that a movant had to have a conviction for a "covered offense." *Id.* at 1298. A "covered offense" is a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* To determine the offense for which a district court imposed a sentence, we explained, a district court should consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. *Id.* at 1300–01.

The government argued that in deciding whether a defendant committed a "covered offense," a district court should consider the specific quantity of crack cocaine involved in the movant's violation based on a finding of drug quantity anywhere in the record "such as a finding that was necessary for determining only relevant conduct under the Sentencing Guidelines." *Id.* at 1301. We rejected this

4

argument as inconsistent with the statutory text. *Id.* Rather, we explained, a district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

We concluded that any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty was not relevant to whether he was convicted of a covered offense. *Id.* at 1301–02. But we recognized that a judge's actual drug-quantity finding remained relevant to the extent that the judge's finding triggered a higher statutory penalty. For movants sentenced prior to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)—where the Supreme Court held that facts, such as drug quantity, that increased a defendant's statutory maximum must be made by a jury—the district court's drug-quantity finding at sentencing was relevant to his statutory penalty. *See Jones*, 962 F.3d at 1302. Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for "covered offenses" because they were all sentenced for offenses carrying penalties that were modified by the Fair Sentencing Act. *Id.* at 1302–03.

5

Next, we explained that the fact that a movant satisfied the "covered offense" requirement did not necessarily mean that a district court was authorized to reduce his sentence. *Id.* at 1303. Because § 404(b) of the First Step Act stated that any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," there were two additional limitations on a district court's authority to reduce a sentence. *Id.* (emphasis added) (quoting First Step Act § 404(b)). First, a district court could not reduce a sentence when the movant already received "the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, a district court was bound by a previous drug-quantity finding that could have been used to determine the movant's statutory penalty at the time of sentencing. *Id.* Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefited him, and the First Step Act did not authorize the district court to reduce his sentence. *Id.*

Using this framework, we affirmed the denials of two of the movants' motions in *Jones*. *Id.* at 1304. We vacated and remanded the denials for the two

remaining movants because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the court had recognized that authority. *Id.* at 1304–05. We held that it was error for the district courts to conclude that a movant was ineligible for a sentence reduction based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* at 1305. Because it was ambiguous whether the district courts denied their motions for one of those improper reasons, we vacated and remanded the denials for further consideration. *Id.*

Finally, we noted that, although a district court may have the authority to reduce a sentence under the First Step Act, it is not required to do so. *Id.* at 1304. When a movant is eligible for a sentence reduction, a district court has "wide latitude" in deciding whether to exercise its discretion. *Id.* A district court may consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) as well as a previous drug-quantity finding made for sentencing purposes only. *Id.* at 1301, 1304.

Here, there is no substantial question that the district court erred in finding that Bonaparte was not eligible for relief under the First Step Act. Bonaparte had a covered offense because he was sentenced for the offense of possessing with intent to distribute 50 grams or more of crack cocaine. *See Jones*, 962 F.3d at 1303

7

(holding that an offense involving 50 grams or more of crack cocaine was a covered offense).  But a movant's satisfaction of the "covered offense" requirement does not necessarily mean that a district court was authorized to reduce his sentence; we must consider whether Bonaparte has already been sentenced "as if" the Fair Sentencing Act had been in effect at the time of his original sentencing.  *Id.*  Because Bonaparte was sentenced prior to *Apprendi*, we look to the district court's drug quantity amount that was found at sentencing when determining what his statutory penalty range would have been under the Fair Sentencing Act.  *Id.* at 1302.  Given the finding at sentencing that Bonaparte's offense involved 467.1 grams, his penalty range, if he had been sentenced under the Fair Sentencing Act, would have been 10 years to life.  *See* 21 U.S.C. § 841(b)(1)(A) (2011).  Because Bonaparte's sentence of 360 months' imprisonment was not the "lowest statutory penalty available" under the Fair Sentencing Act, he has not been sentenced "as if" the Fair Sentencing Act had been in effect.  *Jones*, 962 F.3d at 1303.

In short, there is no substantial question that Bonaparte is eligible for a sentence reduction under the First Step Act and the district court erred in concluding that Bonaparte was ineligible for relief under § 404 of the First Step Act.  Accordingly, we GRANT Bonaparte's unopposed motion for summary

reversal. On remand, the district court must consider whether to exercise its discretionary authority to reduce Bonaparte's sentence.